[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#115)
The plaintiffs, Kathryn Wilson, Jennifer Moore and Christopher Rancourt, have brought suit against the defendants, Richard Lee Rodriguez, Kenneth Cullum and Nationwide Mutual Insurance Company (Nationwide Insurance), for damages incurred due to injury during an automobile accident in 1997. The following facts are related in the light most favorable to the defendant. The plaintiff Rancourt was the driver of a vehicle in which the plaintiffs, Wilson and Moore, were passengers. The defendant Rodriguez was the driver of a vehicle that hit another vehicle from behind, causing that vehicle to collide into the rear of the plaintiffs, vehicle. The defendant Rodriguez does not have automobile insurance. The vehicle Rodriguez was driving was owned by the defendant Cullum. The defendant Cullum did not give Rodriguez consent to drive the vehicle, which was taken from a store parking lot when the defendant Cullum left the keys in the vehicle while the vehicle was running. The plaintiff Rancourt has a personal automobile insurance policy with Nationwide Insurance that provides uninsured motorist coverage. The defendant Cullum has insurance for the motor vehicle that Rodriguez was driving, and insurance coverage has not as yet been declined on the automobile owned by Cullum.
The plaintiffs' revised complaint contains nine counts. The first, second and third count are assertions of negligence on the part of the defendant Rodriguez by each individual plaintiff. The fourth, fifth and sixth counts are assertions of negligence against the defendant Cullum by CT Page 10773-j each individual plaintiff claiming that the defendant Cullum was negligent in leaving his vehicle running with the doors unlocked in a situation where it was foreseeable that someone would take the vehicle. The seventh, eighth and ninth counts are allegations by each individual plaintiff that the defendant Nationwide Insurance is liable under its uninsured motorist coverage. The plaintiffs have moved for summary judgment on the seventh, eighth and ninth counts of the complaint against Nationwide Insurance for liability only.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). Summary judgment "shall be rendered . . . if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Witt v. St. Vincent's Medical Center, 252 Conn. 363, 372 fn. 7,746 A.2d 753 (2000). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732, 751-52, 660 A.2d 810
(1995).
The plaintiffs claim that there are no genuine issues of material fact as to the liability of the defendant Nationwide Insurance pursuant to the plaintiff Rancourt's uninsured motorist coverage because the defendant Rodriguez is clearly at fault and does not have insurance. The plaintiffs claim that because the liability of Rodriguez is not disputed and Rodriguez does not have insurance, the Nationwide Insurance uninsured motorist provision is triggered pursuant to General Statutes § 38a-336
(b)[1] Connecticut courts have determined that Ian insured is required to exhaust the liability insurance coverage of only one tortfeasor in order to recover underinsured benefits." General Accident Ins. Co. v. Wheeler, 221 Conn. 206, 207, 603 A.2d 385 (1992) . The plaintiffs claim that there are two tortfeasors, Rodriguez and Cullum. The plaintiffs claim, moreover, that because Rodriguez is uninsured, the plaintiffs have exhausted the liability insurance coverage of one of the tortfeasors and should be able to recover uninsured benefits. CT Page 10773-k
The defendant Nationwide Insurance has filed an objection to the plaintiffs' motion for summary judgment claiming that the determination of liability under the uninsured motorist provision of the plaintiff Rancourt's insurance policy is premature because the automobile at fault is currently insured under the defendant Cullum's policy and coverage has not yet been declined as to the defendant Cullum. See Defendant's Memorandum of Law in Support of Objection to Motion for Summary Judgment, Exhibit A. The defendant argues that this case is distinguishable from Wheeler because there is only one motor vehicle involved and the two alleged tortfeasers are the owner, Cullum, and the operator, Rodriguez, of the same vehicle. In Wheeler, the insured was pinned between a parked vehicle and a moving vehicle. General Accident Ins. Co. v. Wheeler, supra, 221 Conn. 207. The insured claimed that the driver of the moving vehicle was at fault and the police were negligent because they position their unattended police cruiser in such a manner that its headlights blinded the vision of drivers coming in the opposite direction. Id., 208.
The defendants claim that the only motor vehicle involved does not qualify at this time as an uninsured or underinsured motor vehicle because the owner's insurance company has not denied coverage for the defendant Cullum and the plaintiffs have not met their exhaustion requirement as required in General Statutes § 38a-336 (b)
The Nationwide Insurance policy defines an uninsured motor vehicle in pertinent part as "a) one for which there is no bodily injury liability bond or insurance in effect, applicable to the vehicle owner, operator, and any other liable person or organization, at the time of the accident. b) one for which the insuring company denies coverage or becomes insolvent." Defendant's Memorandum of Law in Support of Objection to Motion for Summary Judgment, Exhibit A, Attachment 1, page U2. The Nationwide Insurance policy defines an underinsured motor vehicle as "one for which bodily injury liability coverage or bonds are in effect; however, their total amount is less than the limits of this coverage provided by this policy." Id. Connecticut has defined an "underinsured motor vehicle" as "a motor vehicle with respect to which the sum of all payments received by or on behalf of the covered person from or on behalf of the tortfeasor are less than applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section." General Statutes § 38a-336
(e)
"Section 38a-336 (b) establishes the exhaustion requirement for CT Page 10773-l underinsured motorist coverage. This subsection provides that an insurance company is obligated to make payment to its insured `after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements . . . .' (Emphasis added.) The word `all' and the plural words `bonds' and `policies' found in § 38a-336
(b) would be rendered meaningless if not read to require exhaustion of all the policies applicable to the underinsured vehicle at the time of the accident." Ciarelli v. Commercial Union Ins. Cos., 234 Conn. 807,810-811, 663 A.2d 377 (1995)
Thus, in determining whether the plaintiffs have exhausted all policy limits with respect to a single tort, the focus is on the motor vehicle and not the owner and operator as individual tortfeasors. The plaintiff must "exhaust the policy limits of both the owner and the operator of the tortfeasor vehicle." Maryland Casualty Co. v. Callahan, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552409, (March 28, 1996, Hale, J.). "Further, whether the owner is considered an additional tortfeasor with respect to the accident does not affect the plaintiff's obligation to exhaust fully all the applicable liability coverage covering the motor vehicle." Orkney v. Hanover Insurance Company, Superior Court, judicial district of New London at Norwich, Docket No. 111660 (April 28, 1998), aff'd, 248 Conn. 195,727 A.2d 700 (1999)
Viewing the evidence submitted in the light most favorable to the defendant, Nationwide Insurance, the plaintiffs have failed to show that they have exhausted all the liability coverages available to them on the vehicle driven by the defendant Rodriguez and owned by the defendant Cullum. Although the defendant Rodriguez does not have any liability coverage, the defendant Cullum has not been denied coverage on the motor vehicle, and therefore the plaintiffs must exhaust any liability coverage available to them through the defendant Cullum.
For the foregoing reasons, the plaintiffs' motion for summary judgment is denied.
BY THE COURT
PETER EMMETT WIESE J.